IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

JEFFREY VON DEAUXPLETTE,

                      ORDER

      Plaintiff,

                 13-cv-567-bbc

  v.

DAVID NYHUS and DSL TRANSPORT LLC,

      Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Plaintiff Jeffrey Von Deuxplette has filed a complaint in which he relies on 28 U.S.C. § 1332 as a basis for jurisdiction, which requires him to show that he and defendants David Nyhus and DSL Transport LLC are citizens of different states and the amount in controversy is greater than $75,000. In the course of reviewing the complaint to insure the existence of jurisdiction as I am required to do, McCready v. White, 417 F.3d 700, 702 (7th Cir. 2005), I discovered that plaintiff had failed to properly identify the citizenship of defendant DSL. In particular, plaintiff identifies DSL as a "limited liability company" in the caption, but he alleges that DSL is "organized" under Wisconsin law and has its principal place of business there.

The problem with that allegation, as noted repeatedly by the court of appeals, is that the citizenship of a limited liability company is not determined by its principal place of business or the state in which it was formed, but by the citizenship of each of its members.

1

Cosgrove v. Bartolotta, 150 F.3d 729, 731 (7th Cir. 1998); see also Thomas v. Guardsmark, LLC, 487 F.3d 531, 534 (7th Cir. 2007) ("[A]n LLC's jurisdictional statement must identify the citizenship of each of its members as of the date the complaint or notice of removal was filed, and, if those members have members, the citizenship of those members as well").  In the body of the complaint, plaintiff refers to defendant DSL as a "limited liability corporation" instead of a "limited liability company," but the Court of Appeals for the Seventh Circuit has not distinguished between the two labels for the purpose of determining diversity jurisdiction.  Muscarello v. Ogle County Board of Commissioners, 610 F.3d 416, 424 (7th Cir. 2010) ("It is a limited liability corporation, and thus we must look to the citizenship of each of its members to determine its citizenship for diversity purposes.").  Accordingly, I will give plaintiff an opportunity to amend his complaint or file evidentiary materials showing the citizenship of defendant DSL's members.

ORDER

IT IS ORDERED that Jeffrey Von Deuxplette may have until September 3, 2013, to show that subject matter jurisdiction is present under 28 U.S.C. § 1332.  If plaintiff fails to

respond by that date, I will dismiss the case for lack of jurisdiction.

Entered this 19th day of August, 2013.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge